**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Radcliffe Bancroft Lewis, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | **Civil Action No. 08-1314 (RJL)** |
| v. | ) | |
| | ) | |
| District of Columbia, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS DISTRICT OF COLUMBIA AND THE D.C. METROPOLITAN POLICE DEPARTMENT'S MOTION TO DISMISS

The defendants District of Columbia and the D.C. Metropolitan Police Department, by and through undersigned counsel and pursuant to Fed.R.Civ.P. 12(b)(6), hereby move that this Honorable Court dismiss the plaintiff's complaint. [1][2]  As grounds therefor, the defendants state that plaintiff has failed to effect proper service upon these defendants and dismissal is appropriate.  Additionally, the D.C. Metropolitan Police Department is non sui juris.

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto.

Respectfully submitted,

---

[1]  This motion was originally filed on September 5, 2008. However a document from Faunette Evans-Reid v. D.C. 08-1194, was erroneously filed with ECF. This document is the actual motion that should have been filed on September 5, 2008.

[2]  Plaintiff also filed suit against defendants Emmanuel Oghogho and MPD Officer Anderson.  These defendants have not contacted OAG to seek representation and undersigned counsel cannot move on their behalf.  However, a review of the dockets allegedly reflecting service on these defendants reflect that service is improper.  While Tonia Robinson has authority to accept service on behalf of the Attorney General, she does not have authority to accept service on behalf of the Mayor or any of the individually named defendants.  Likewise, the file clerk at the D.C. Metropolitan Police Department does not have authority to accept service on behalf of an individually named member of the D.C. Metropolitan Police Department.

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

_____/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

_____/s/ C. Vaughn Adams_____
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9840; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  corliss.adams@dc.gov

Attorneys for the District of Columbia

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 8th day of September, 2008, a copy of the foregoing

Motion to Dismiss, Memorandum of Supporting Points and Authorities, and proposed Order was

mailed postage prepaid to:

Mr. Radcliffe Bancroft Lewis
1901 15th Street, N.W.
Washington, DC 20009

_____/s/ C. Vaughn Adams_____
C. Vaughn Adams
Assistant Attorney General

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Radcliffe Bancroft Lewis, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **Civil Action No. 08-1314 (RJL)** |
| **v.** | ) | |
| | ) | |
| District of Columbia, *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**</u>

In support of their Motion to Dismiss, these defendants submit their memorandum of points and authorities, and state as follows:

*Statement of the Case*

On May 27, 2008, the plaintiff filed this case against these defendants. Plaintiff seeks compensation for alleged deprivation of civil rights under 42 U.S.C. § 1983, and conspiracy under 42 U.S.C. § 1985, illegal search and seizure under the 4th Amendment, denial of due process and just about any other tort or violation of law that could be imagined. See Complaint, generally.

Plaintiff served process by U.S. Marshall upon "Tonia Robinson Agent for City" on August 13, 2008, in an effort to serve the District of Columbia. Plaintiff also served process by U.S. Marshall upon "Jeanne Schofield File Clerk" in an effort to serve the Metropolitan Police Department, and Officer Anderson. See Docket Entry #4. None of these persons are authorized to accept service for the persons or entity for whom they received service. Therefore, dismissal of this lawsuit is appropriate against these defendants.

1

***Standard of Review***

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

***Argument***

**A.      Plaintiff's Complaint Must Be Dismissed Because the Plaintiff Has Not Properly Served These Defendants.**

Neither the District nor the D.C. Metropolitan Police Department were properly served in this case in accordance with Rule 4(j). The plaintiff's Process Receipt and return reflects that "Tonia Robinson, Agent for the City" was served papers for the District of Columbia and Emmanuel Oghogho, Staff Member Office of Risk Management. Jeanne Schofield, file clerk, received papers on behalf of the Washington Metropolitan Police Department, and defendant Anderson. See Docket Entry #4.

2

Fed. R. Civ. P. 4(j) provides that a state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:  (A) delivering a copy of the summons and of the complaint to its chief executive officer, or (B) serving a copy of each in the manner prescribed that that state's law for serving a summons or like process on such a defendant.  The Mayor is the Chief Executive Officer for the District of Columbia.  On May 14, 2004, the Executive Office of the Mayor issued Mayor's Order 2004-77, a copy of which is attached hereto as Exhibit A.  According to Order 2004-77, "The Secretary of the District ("Secretary") hereby is designated as the Mayor's agent for the receipt of legal correspondence (including summonses, complaints, and subpoenas).  (Exhibit A, ¶ 1.)  Furthermore, according to the Order, "the Secretary shall designate from time to time, by office order, one or more personnel to handle the receipt of legal correspondence addressed to the Mayor.  The personnel so designated shall receive legal correspondence either from the person effecting service on the Secretary, form the Unit, or from any other originating or transmitting source, as the case may be."  (Exhibit A, ¶ 3.)

On August 13, 2008, plaintiff's process server served Tonia Robinson with process for the District of Columbia.  While Ms. Robinson can accept service on behalf of the Attorney General, she is not authorized to accept service on behalf of the Executive Officer.  Therefore, service against the District was not proper or in accordance with Rule 4(j), and dismissal is appropriate.

Under the local rules, service against the District is effected by service on the Attorney General and the Mayor.  See SCR-Civil 4(j).  Because only the Attorney General's Office was served and not the Mayor's Office, service was not proper under the local rules.  This requires dismissal of this Court action against the District of Columbia.

3

Jeanne Schofield, file clerk, received the summons and complaint purportedly on behalf of the D.C. Metropolitan Police Department (MPD).  She is not authorized to accept service on behalf of MPD, and dismissal is appropriate.

> **B.**      **Plaintiff May Not Maintain His Cause of Action Against the D.C. Metropolitan Police Department.**

Plaintiff seeks to hold the D.C. Metropolitan Police Department (hereafter "MPD") liable for his alleged injuries sustained on or about May 24, 2005, and presumably for the humiliation seizure, etc. that he alleges the MPD officers subjected him to when he was escorted out of the Greyhound station.  See Complaint at A Incident ¶¶ 3-6.  The law is clear that "agencies and departments within the District of Columbia government are not suable as separate entities," unless provided statutory authority to sue and be sued  *See Does I through III v. District of Columbia,* 238 F. Supp. 2d 212, 222 (D.D.C. 2002) (quoting *Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999) (in turn citing *Fields v. District of Columbia Dep't of Corr.,* 789 F. Supp. 2d 20, 22 (D.D.C. 1992)); *see also Arnold v. Moore,* F. Supp. 28, 33 (D.D.C. 1997) ("governmental agencies of the District of Columbia are not suable entities") (citing *Robertson v. District of Columbia Bd. of Higher Educ.,* 359 A.2d 28, 31, n.4 (D.C. 1976); *Miller v. Spencer*, 330 A.2d 250, 251, n.1 (D.C. 1974). The MPD was created as a District agency pursuant to statute, and was not given the power to sue or be sued.  See D.C. Official Code §§ 5-101.01, *et seq.*  Because MPD has neither the power to sue or be sued, plaintiff cannot maintain his cause of action against MPD.  Accordingly, MPD is not a proper party defendant and dismissal of this lawsuit against it is mandated by law.

Wherefore, for the foregoing reasons, the defendants respectfully move that this Honorable Court dismiss the plaintiff's complaint against them.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

_____*/s/* Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

_____*/s/* C. Vaughn Adams_____
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  corliss.adams@dc.gov

Attorneys for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Radcliffe Bancroft Lewis,** | ) | |
| | ) | |
| **Plaintiff** | ) | **Civil Action No. 08-1314 (RJL)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **District of Columbia,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## O R D E R

Upon consideration of the defendants District of Columbia and D.C. Metropolitan Police

Department's Motion to Dismiss, the response thereto and the record herein, it is by the Court

this _____ day of _____, 2008,

ORDERED:    that the Motion is GRANTED; and it is

FURTHER ORDERED:    that the plaintiff's Complaint be DISMISSED.


_____
JUDGE, District Court of the District of Columbia

cc:

C. Vaughn Adams
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor North
Washington, D.C. 20001

Mr. Radcliffe Bancroft Lewis
1901 15th Street, N.W.
Washington, DC 20009